*347 Cook, J.,
dissenting. I agree with the majority that suspension is the appropriate sanction in this case, but due to the presence of several aggravating factors I respectfully dissent from the majority’s decision to stay three-fourths of Brooks’s suspension.
The majority’s decision to suspend respondent finds support in the ABA Standards for Imposing Lawyer Sanctions (“ABA Standards”).[1] When respondent collected a clearly excessive fee from his client in violation of DR 2-106(A)(1), he knowingly violated the duty that he owed to the legal profession and caused substantial injury to that client with an overcharge of nearly $3,000. The ABA Standards suggest that “[suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.” Standard 7.2 (1992 Amend.).
Respondent also repeatedly neglected an entrusted legal matter during the medical malpractice case when he filed an untimely and incomplete memorandum in opposition, an untimely notice of appeal, and an untimely jurisdictional memorandum. With these gross violations of DR 6 — 101(A)(3), respondent knowingly violated the duty of diligence owed to his client. The ABA Standards provide that “[sjuspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.” Standard 4.42.
The majority chooses to adopt the board recommendation to reduce the actual suspension with an eighteen-month stay. But the panel and board reports cite no mitigating factors, and I find none in the record. Instead, the panel and board reports set forth several of the aggravating factors listed in the recently proposed Guidelines for Imposing Lawyer Sanctions.[2] This attorney’s dishonest or selfish motive, pattern of misconduct, multiple offenses, and failure to make restitution should all be considered in favor of imposing a more severe sanction.
Because I believe that the presence of these aggravating factors prompts a longer actual suspension in this case, I respectfully dissent.

. See ABA Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992).

. See Board of Commissioners • on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10, Guidelines for Imposing Lawyer Sanctions.